IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FAUSTO L. LOPEZ, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-4243-TWT-SSC |
| ANTHONY HAYNES, Warden, | : | |
| Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

Petitioner Fausto L. Lopez, an inmate at the Federal Correctional Institution in Jesup, Georgia, has submitted a habeas corpus petition under 28 U.S.C. § 2241 seeking relief from a sentence imposed on him by the United States District Court for the Middle District of Florida.

"District courts are limited to granting habeas relief 'within their respective jurisdictions' " and the Supreme Court "ha[s] interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' " Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a) and citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973)). As Petitioner is incarcerated in the Southern District of Georgia, this Court does not have jurisdiction over his immediate custodian and therefore this Court does not have jurisdiction to entertain his § 2241 petition. See Padilla, 542 U.S. at 447 ("Whenever

a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); see also Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Furthermore, to the extent Petitioner is seeking to challenge the lawfulness of the sentence imposed on him by the United States District Court for the Middle District of Florida, that challenge should be brought in that court. See 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was [unlawful] may move **the court which imposed the sentence** to vacate, set aside or correct the sentence." (emphasis added)); see also 28 U.S.C. § 2255(f) (imposing a 1-year period of limitation on motions under  § 2255).   It is therefore **RECOMMENDED** that this case be **DISMISSED**.  See Westine v. Scott, 356 F. App'x 254, 255 (11th Cir.  2009) (unpublished decision) (citing Padilla, 542 U.S. at 447; Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)).

AO 72A
(Rev.8/82)

The Clerk is directed to terminate the referral of this matter to the undersigned magistrate judge.

**IT IS SO REPORTED AND RECOMMENDED** this 8th day of February, 2011.

*Susan S. Cole*
SUSAN S. COLE
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)